UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM G. SALVADOR,<br><br>    Plaintiff,<br><br>v.<br><br>LIVE AT HOME CARE CONNECTION, INC., et al.,<br><br>    Defendants. | Case No. 5:18-cv-07159-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SPEARS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

Plaintiff William G. Salvador, a citizen of Canada, initiated this suit against Defendant Mylah G. Spears ("Spears") and her home care businesses, Defendants Live At Home Care Connection, Inc. ("LAHCC") and Defendant Care Connection Transport, Inc. ("CCT"), as well as Doe Defendants, asserting a single claim entitled "alter ego liability." Plaintiff brings this claim in federal court pursuant to 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction. Pending before the Court is Spears' motion to dismiss. The Court finds it appropriate to take this matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The March 19, 2020 hearing is therefore vacated. For the reasons set forth below, the Court will grant in part and deny in part Spears' motion to dismiss.

**I.    BACKGROUND[1]**

Spears owns 80 shares of stock in Defendant LAHCC, which amounts to forty (40) percent of the total number of shares issued and outstanding. *Id.* ¶ 8. Spears also owns 60 shares of stock in Defendant CCT, which amounts to thirty (30) percent of the total number of shares issued and

---

[1] The Background is a summary of the allegations in the Complaint.

Case No.: 5:18-cv-07159-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1

outstanding. *Id*. ¶ 9. The Defendant corporations are allegedly the alter egos of Spears. *Id*. ¶ 10.

Plaintiff is a creditor of LAHCC. ¶ 11. Spears represented to Plaintiff that the debt incurred by LAHCC "was in fact [Spears'] obligation" to repay. *Id*. ¶ 12. Spears withdrew funds from Defendant LAHCC, rendering the company insolvent, to avoid repaying Plaintiff. *Id*. ¶¶ 11, 17. Spears also withdrew funds from CCT, rendering the company insolvent, to avoid repaying Plaintiff. *Id*. ¶ 18. In total, Spears withdrew $66,000 from the two companies. *Id*. ¶¶ 11 (referring to $8,000 withdrawal), 17 (referring to $50,000 withdrawal), 18 (referring to $8,000 withdrawal). Plaintiff seeks $200,000 in damages. *Id*. ¶ 25.1.

Spears moves to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Spears contends that the Court lacks subject matter jurisdiction because Plaintiff has failed to plausibly allege an amount in controversy over $75,000; Plaintiff lacks standing to assert any claims; and Plaintiff fails to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

"The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952 (9th Cir. 2001). At the pleading stage, however, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the plaintiff's jurisdictional allegations in one of two ways. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, a "factual" attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*.

Here, Spears raises a "factual attack" to the alleged amount in controversy. In a

Case No.: 5:18-cv-07159-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

2

declaration dated August 29, 2019, Spears denies making unlawful withdrawals, stating:

> 3. I did not cause the sum of $8,000.00 to be withdrawn from the funds of defendant, [LAHCC], and distributed to myself.
>
> 4. I did not cause the sum of $50,000 to be withdrawn from the funds of defendant [LAHCC] and distributed to myself.
>
> 5. I did not cause the sum of $8,000 to be withdrawn from the funds of defendant [CCT] and distributed to myself.

Dkt. No. 36.

To resolve this factual attack on jurisdiction, this Court may review evidence beyond the Complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *White v. Lee,* 227 F.3d, 1214, 1242 (9th Cir. 2000)). The Court need not presume the truthfulness of Plaintiff's allegations and Plaintiff must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id*.

In response to Spears' motion, Plaintiff submitted his own declaration dated September 11, 2019, which states that Spears withdrew $14,000 from LAHCC and $47,000 from CCT, for a total of $61,000. Decl. of William Salvador (Dkt. No. 38-1) ¶¶ 1-2. Spears allegedly withdrew these funds and distributed them to herself "for the purpose of avoiding and preventing attachment and execution by creditors, including [P]laintiff, thereby rendering [LAHCC and CCT] insolvent and unable to meet [their] obligations." *Id*. Plaintiff also asserts that the withdrawals were "willful and fraudulent conversions justifying an award of punitive damages against [Spears] in an amount in excess of the jurisdictional limit of this court." *Id*. ¶ 3.

The parties' competing declarations raise jurisdictional factual issues that go directly to the merits of Plaintiff's underlying claim. The Ninth Circuit has instructed that "if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of

Case No.: 5:18-cv-07159-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

3

jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Rosales v. U.S.*, 824 F.2d 799, 803 (9th Cir. 1987). "Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact." *Id*. (citing *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

Here, applying the summary judgment standard, the Court finds that the parties' competing declarations raise material factual disputes which must be resolved by the trier of fact. Spears denies withdrawing and distributing funds to herself, and Plaintiff contends the opposite. Accordingly, Spears' motion to dismiss under Rule 12(b)(1) is denied.

**B.     Standing**

Spears next contends that the Complaint lacks sufficient facts to establish Plaintiff's standing. More specifically, Spears argues that there are no facts pled to support the allegation that Plaintiff is a "creditor," nor facts to explain how or why Plaintiff is entitled to any relief based on Spears' alleged withdrawals of funds.

In response, Plaintiff relies on his declaration in which he attests to his standing as a creditor, as well as a shareholder, director and officer of LAHCC and CCT. Decl. of William Salvador ¶¶ 1-2, 4. Plaintiff requests leave of Court to amend his Complaint to add facts clarifying the basis of his standing.

Requests to amend the pleadings are subject to the liberal standard set forth in Rule 15 of the Federal Rules of Civil Procedure: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider the following five factors when deciding whether to grant leave to amend: bad faith; undue delay; prejudice to the opposing party; futility of amendment; and prior amendments. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, all of the factors favor granting Plaintiff leave to amend. Plaintiff has not sought prior amendments, and there is no evidence of bad faith, undue delay or prejudice. Nor do the proposed amendments appear futile. Plaintiff's request for leave to amend is therefore granted.

### C. Rule 12(b)(6)

Lastly, Spears contends that the Complaint must be dismissed for failure to state a claim. Spears reasons that the so-called alter ego claim is not a claim at all, but rather a mechanism to attach liability for a substantive claim.

Plaintiff does not challenge Spears' contention that the alter ego theory is not itself a claim. Instead, Plaintiff asserts that the Complaint includes sufficient facts to state a claim for conversion or fraud, and requests leave to amend his Complaint to add new claims for fraud, conversion, and "other related causes of action." Pl.'s Opp'n 3.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court finds that the Complaint fails to state a claim upon which relief may be granted. Plaintiff does not cite to, and this Court is unaware of, any court recognizing a claim for alter ego.[2] Accordingly, Plaintiff's Complaint is subject to dismissal with leave to amend.

---

[2] To the contrary, the Court's independent research led to one published decision in which the Ninth Circuit observed that "no California court has recognized a freestanding general alter ego claim that would require a shareholder to be liable for all of a company's debts and, in fact, the California Supreme Court stated that such a cause of action does not exist." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir. 2010).

Case No.: 5:18-cv-07159-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

5

## III. CONCLUSION

For the reasons set forth above, Spears' motion to dismiss for lack of subject matter jurisdiction is DENIED. Spears' motion to dismiss for lack of standing and for failure to state a claim is GRANTED with leave to amend. Plaintiff shall file and serve an amended complaint no later than March 6, 2020.

**IT IS SO ORDERED.**

Dated: February 21, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07159-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

6