UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM G SALVADOR,<br><br>    Plaintiff,<br><br>v.<br><br>LIVE AT HOME CARE CONNECTION, INC., et al.,<br><br>    Defendants. | Case No. 5:18-cv-07159-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER; DIRECTING CLERK OF COURT TO ENTER DEFAULT; SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 61 |

    Plaintiff William G. Salvador, a citizen of Canada, initiated this suit against Defendant Mylah G. Spears ("Spears") and her home care businesses, Defendants Live At Home Care Connection, Inc. ("LAHCC") and Care Connection Transport, Inc. ("CCT"), as well as Doe Defendants. Pending before the Court is Plaintiff's motion to strike the answer. The Court finds it appropriate to take this matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Court will grant Plaintiff's motion.

**I.     BACKGROUND**

    A.    The First Amended Complaint

    Defendant LAHCC is a home care business. FAC ¶ 14. Spears owns 80 shares of stock in LAHCC, which amounts to forty (40) percent of the total number of shares issued and outstanding. *Id*. ¶ 8. Defendant CCT is a handicapped transportation business. *Id*. ¶ 21. Spears owns 60 shares of stock in CCT, which amounts to thirty (30) percent of the total number of

shares issued and outstanding. *Id*. ¶ 9. The Defendant corporations are allegedly the alter egos of Spears. *Id*. ¶ 10.

In 2016, Spears induced Plaintiff, a citizen of Canada, to invest in LAHCC and CCT. *Id*. ¶¶ 14, 21. Plaintiff invested $5,000 in LAHCC for a thirty (30) percent stock ownership interest. *Id*. Plaintiff also loaned $10,000 to LAHCC. *Id*. Plaintiff invested $1,500 in CCT for a fifty (50) percent stock ownership interest. *Id*. ¶ 21. Plaintiff also loaned CCT $11,000 for the purchase of a handicapped accessible van, licensing, rent and insurance expenses. *Id*.

On or about April 30, 2017, Spears withdrew $14,000 from LAHCC for her personal use. *Id*. ¶ 15. Spears also withdrew $47,000 from CCT and converted the van for her personal use. *Id*. ¶¶ 22-23. As a result, Plaintiff has been deprived of his investment and repayment of the loans. *Id*. ¶¶ 16, 24. Plaintiff made demands for an accounting, but has not received replies. *Id*. ¶¶ 17, 25.

Based on foregoing, Plaintiff asserts claims for conversion against Defendants. Plaintiff seeks general damages in the sum of $200,000, punitive damages, and costs of suit.

B.     Procedural History

Plaintiff initiated suit in November of 2018. Dkt. No. 1. Summons were returned executed in June of 2019. Dkt. Nos. 29-31. Thereafter, Spears moved to dismiss the original complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 35. The Court granted the motion in part with leave to amend. Dkt. No. 48. Plaintiff filed the FAC on March 6, 2020. Dkt. No. 49. An unsigned answer was filed on March 20, 2020. Dkt. No. 50. It is unclear whether this answer was intended to be filed on behalf of all Defendants.

**II.    DISCUSSION**

Pursuant to Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A)(iii), Plaintiff moves to strike the answer and for entry of default as to all Defendants for failure to comply with court orders requiring the submission of case management statements and appearance at case management conferences. *See* Dkt. Nos. 53, 56, 58. Plaintiff also seeks an award of attorney fees.

Federal Rule of Civil Procedure 16(f)(1) authorizes the issuance of "any just orders,

CASE NO.: 5:18-CV-07159-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER; DIRECTING CLERK OF COURT TO ENTER DEFAULT; SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR DEFAULT JUDGMENT

2

including those authorized by Rule 37(b)(2)(A)(ii)-(viii)," against a party failing to appear at a scheduling conference or failing to obey a scheduling order. Fed. R. Civ. P. 16(f)(1). Among the "just orders" specified in Rule 37(b)(2)(A)(ii)-(viii) is an order striking pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii). Further, the court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Here, Defendants have repeatedly failed to file a case management conference statement and failed to appear at a case management conference. Further, the corporate Defendants have not appeared through counsel, as required by Civil Local Rule 3-9(b). Therefore, entry of default is appropriate.

Plaintiff is also entitled to reasonable attorney's fees pursuant to Rule 16(f)(2). However, Plaintiff's request for $7800 (26 hours at the rate of $300/hour) is excessive in that it includes nine hours for preparing for and appearing at past conferences and an additional four hours for the anticipated conference and hearing that were scheduled for February 18, 2021, but have since been vacated. Therefore, the Court will reduce the requested fees by half for a total award of $3,900.

### III.   CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. Plaintiff's motion to strike the answer, Docket No. 50, is GRANTED.
2. Plaintiff is awarded reasonable attorney's fees in the amount of $3,900 pursuant to Rule 16(f)(2).
3. The Clerk of Court is directed to enter default against all Defendants.
4. No later than April 1, 2021, Plaintiff shall file a motion for default judgment, supported by evidence establishing, among other things, the domicile of Spears for purposes of diversity jurisdiction. The motion shall be noticed for hearing at 9:00 a.m. on May 20, 2021.

5. The Clerk of Court is directed to mail a copy of this Order to all Defendants at their last known addresses.

**IT IS SO ORDERED.**

Dated: February 16, 2021

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:18-CV-07159-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER; DIRECTING CLERK OF COURT TO ENTER DEFAULT; SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR DEFAULT JUDGMENT

4